UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERGIM HALJUCI,<br><br>                       Plaintiff,<br><br>            -against-<br><br>SEAN MCCORMACK, DETECTIVE;<br>SUPREME COURT OF THE STATE OF NEW<br>YORK; COUNTY OF WESTCHESTER;<br>YONKERS POLICE DEPARTMENT<br>PRECINCT #1; SUSAN CAPECI; DISTRICT<br>ATTORNEY; VASQUEZ, D.V. UNIT,<br><br>                       Defendants. | 26-CV-1424 (JGLC)<br><br>ORDER OF SERVICE |

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

Defendants violated his constitutional rights. He sues: (1) Sean McCormack, a detective with the

Yonkers Police Department; (2) Supreme Court of the State of New York; (3) County of

Westchester; (4) Yonkers Police Department Precinct #1; (5) Susan Capeci, the state-court judge

presiding over his prosecution; (6) "District Attorney"; and (7) "Vasquez (DV Unit)."

By separate order, the court granted Plaintiff's request to proceed *in forma pauperis*

("IFP"), that is, without prepayment of fees. For the reasons that follow, the Court: (1) dismisses

all claims against Supreme Court of the State of New York, under the Eleventh Amendment;

(2) dismisses all claims against "District Attorney," under the doctrine of prosecutorial

immunity; (3) dismisses all claims against Judge Capeci, under the doctrine of judicial immunity;

(4) dismisses all claims against Yonkers Police Department Precinct #1 and substitutes in its

place, under Rule 21 of the Federal Rules of Civil Procedure, the City of Yonkers; (5) dismisses

all claims against the County of Westchester for failure to comply with Rule 8 of the Federal

Rules of Civil Procedure; (6) dismisses all claims for prospective injunctive relief under the

*Younger* abstention doctrine; (7) dismisses Plaintiff's Section 1983 claim for malicious prosecution, for failure to state a claim; and (8) directs service on the remaining defendants.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following allegations are drawn from the complaint.[1] On October 15, 2025, members of the Yonkers Police Department, presumably including Det. McCormack and "Vasquez (D.V. Unit)," "illegally detained" Plaintiff "out of [their] jurisdiction" and subsequently "fabricated arrest warrants . . . to justify it." (ECF No. 1, at 4.) Plaintiff refused to speak with police while he was in custody, and in response, the police took Plaintiff's cell phone "out of [his] personal items bag," without a warrant and without providing a receipt, and the District Attorney subsequently used evidence from the phone against him in his prosecution. (*Id*.) The state court, presumably referring to Judge Capeci, denied him bail "for no reason." (*Id*.) Finally, the police (again presumably including Det. McCormack and Vasquez) punched him, kicked him, and "grabbed [his] genitals so hard [that he] hopped." (*Id*.)

Plaintiff demands $4.2 million and "for the responsible parties to actually be held accountable for [their] abuses of power." (*Id.* at 5.)

**DISCUSSION**

**A.    Defendant Supreme Court of the State of New York**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. Plaintiff sues the Supreme Court of the State of New York, which is part of the New York State Unified Court

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

System.[2] The Supreme Court of the State of New York "is unquestionably an 'arm of the State.'" *Id.* at 368.

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Because the Supreme Court of the State of New York is an arm of the State of New York, the Eleventh Amendment bars Plaintiff from pursuing his Section 1983 claims against this defendant in federal court. Plaintiff's Section 1983 claims against the Supreme Court of the State of New York are therefore dismissed based on Eleventh Amendment immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.      Defendant "District Attorney"**

Plaintiff sues the "District Attorney" who allegedly sought Plaintiff's remand to custody and used illegally seized evidence in his ongoing prosecution.

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition,

---

[2] *See* N.Y. Const. Art. VI, § 29(a) ("The legislature shall provide for the allocation of the cost of operating and maintaining the court of appeals, the appellate division of the supreme court in each judicial department, the supreme court, the court of claims, the county court, the surrogate's court, the family court, the courts for the city of New York established pursuant to section fifteen of this article and the district court, among the state, the counties, the city of New York and other political subdivisions.").

prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that prosecutors' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and the prosecutors were therefore shielded by absolute immunity (citing *Van de Kamp*, 555 U.S. at 344)).

Here, Plaintiff's claims against Defendant District Attorney are based on actions within the scope of the District Attorney's official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

## C.    Defendant Susan Capeci

Plaintiff sues Susan Capeci, the state court judge who allegedly denied his request for bail and otherwise permitted the use of evidence that Plaintiff states was illegally obtained.

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation[.]" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Judge Capeci acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 502 U.S. at 11-12. Because Plaintiff sues Judge Capeci for "acts arising out of, or related to, individual cases before [her]," she is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Capeci because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

**D.     Defendant Yonkers Police Department Precinct #1**

Plaintiff names "Yonkers Police Department Precinct #1" as a defendant. Under Rule 17 of the Federal Rules of Civil Procedure, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)). The Court must dismiss Plaintiff's claims against this defendant because, as an agency of the City of Yonkers, it is not a suable entity. *See* City of Yonkers, NY Charter, Art. XII, §§ C12-1 to C12-11 (Police Department); *Smith v. Westhab Traverse House*, No. 24-CV-4961 (LTS), 2025 WL 26067, at *1 (S.D.N.Y. Jan. 2, 2025) ("Plaintiff's claims against the Yonkers

Police Department . . . must be dismissed because, under New York law, municipal agencies or departments do not have the capacity to be sued."); *Green v. City of Yonkers, N.Y.*, No. 10-CV-3653 (JFK), 2012 WL 554453, at \*6 (S.D.N.Y. Feb. 21, 2012) (holding that the Yonkers Police Department "does not exist separate and apart from the municipality and does not have its own legal identity" (citations omitted)). The Court therefore dismisses Plaintiff's claims against "Yonkers Police Department Precinct #1" for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's clear intention to pursue claims against the City of Yonkers, the Court substitutes, under Rule 21 of the Federal Rules of Civil Procedure, the City of Yonkers as a defendant in place of "Yonkers Police Department Precinct #1." *See Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). This amendment is without prejudice to any defenses that the City of Yonkers may wish to assert.

**E.      Defendant County of Westchester**

Plaintiff also sues the County of Westchester. The Court must nevertheless dismiss Plaintiff's claims against this defendant, for failure to comply with Rule 8. The Court has carefully reviewed the complaint and can find no allegations, well-pleaded or otherwise, directed at the County of Westchester. The Court therefore dismisses Plaintiff's Section 1983 claims against the County of Westchester for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**F.      The *Younger* abstention doctrine**

In addition to monetary relief, Plaintiff demands "for the responsible parties to actually be held accountable for [their] abuses of power." (ECF No. 1, at 5.) His complaint can also be liberally construed as seeking relief related to the state court's denial of bail. The Court

collectively construes these requests as seeking prospective injunctive relief related to his ongoing state-court prosecution.

To the extent that Plaintiff, in seeking injunctive relief, asks the Court to intervene in his pending state-court criminal proceeding, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required:  When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state-court criminal proceeding. The Court will therefore not intervene in that proceeding and dismisses those claims for injunctive relief.

**G.      Claim for malicious prosecution under Section 1983**

Plaintiff asserts a claim of malicious prosecution under Section 1983. The tort of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). To state a claim for malicious prosecution, a plaintiff must allege facts showing: (1) that the defendant initiated or continued a prosecution against the plaintiff; (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). Thus, because favorable termination is an element of a malicious prosecution claim, a plaintiff cannot state such a claim if his criminal

proceeding is pending. *See Wallace*, 549 U.S. at 394. The Court therefore must dismiss Plaintiff's Section 1983 malicious prosecution claim, for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**H.      Service on remaining defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Sean McCormack, City of Yonkers, and "Vasquez (D.V. Unit)" through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

9

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Court dismisses Plaintiff's claims against Defendants Supreme Court of the State of New York, Susan Capeci, and District Attorney on immunity grounds and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court dismisses Plaintiff's claims against Defendant Yonkers Police Department Precinct #1 for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to terminate this defendant and to substitute in its place the City of Yonkers under Fed. R. Civ. P. 21.

The Court dismisses Plaintiff's claims against Defendant County of Westchester for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court also dismisses Plaintiff's Section 1983 claims for malicious prosecution, for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court additionally dismisses Plaintiff's claims for prospective injunctive relief under the *Younger* abstention doctrine.

The Clerk of Court is instructed to issue summonses for Defendants Sean McCormack, City of Yonkers, and Vasquez (D.V. Unit), complete the USM-285 form with the address for each of these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   March 19, 2026
White Plains, New York

_____
Jessica G. L. Clarke
United States District Judge

10

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.      Sean McCormack, Detective
        Yonkers Police Department
        104 South Broadway
        Yonkers, NY 10701

2.      City of Yonkers
        40 South Broadway, Room 300
        Yonkers, NY 10701

3.      Vasquez (D.V. Unit)
        Yonkers Police Department
        104 South Broadway
        Yonkers, NY 10701