UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MERGIM HALJUCI,

Plaintiff,

-against-

SEAN MCCORMACK, EDWIN CASTILLO, ANTHONY SALINE, and CITY OF YONKERS,

Defendants.
------------------------------------------------------------x

**SECOND ORDER OF SERVICE**

26 Civ. 1424 (JGLC) (AEK)

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

On July 20, 2026, the Court issued an order extending the deadline for Plaintiff to amend the pleadings or join additional parties to July 31, 2026. *See* ECF No. 23. On July 30, 2026, Plaintiff filed a motion for leave to amend the pleadings and attached his proposed amended complaint as Exhibit 1.[1] *See* ECF No. 25 (notice of motion) and 25-1 (proposed amended complaint).

The original complaint named "Vasquez, D.V. Unit," Sean McCormack, and the City of Yonkers as defendants. ECF No. 1. Plaintiff's proposed amended complaint no longer names "Vasquez, D.V. Unit" as a defendant, but it continues to name McCormack and the City of Yonkers, and also adds two new individual defendants, Edwin Castillo and Anthony Saline. *See* ECF No. 25-1 at 1, 5.

---

[1] Under the "prison mailbox rule," a filing by a *pro se* prisoner is deemed to have been filed as of the date it was given to prison officials for mailing. *See Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001). Here, Plaintiff's submission does not state specifically when he gave it to prison officials for mailing, but the notice of motion is dated July 29, 2026, and the mailing envelope is postmarked July 30, 2026, which means that Plaintiff provided the package to prison officials by no later than July 30, 2026. *See* ECF No. 25-1 at 1, 7 (all page number references to ECF No. 25-1 are to the numbers assigned by the Court's Electronic Case Filing ("ECF") system). Accordingly, the motion has been timely filed.

## I. Plaintiff's Motion for Leave to Amend the Pleadings

Plaintiff's motion for leave to amend was made within the timeframe set forth in paragraph 3 of the Civil Case Discovery Plan and Scheduling Order (as amended by the Court). Moreover, it is well established that "[t]he Federal Rules of Civil Procedure provide that leave to amend a pleading should be freely granted when justice so requires." *Mootry v. Spotify USA, Inc.*, No. 25-cv-10508 (LJL), 2026 WL 1971103, at *17 (S.D.N.Y. July 8, 2026). "Leave to amend should be denied only if the party seeking amendment has unduly delayed the proceedings or otherwise acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile." *Id.* None of these circumstances are present here. Accordingly, Plaintiff's motion for leave to amend the complaint (ECF No. 25) is GRANTED.

The Clerk of Court is respectfully directed to terminate "Vasquez, D.V. Unit" as a defendant in this action since he is not named in the amended complaint, and to add Edwin Castillo and Anthony Saline as defendants.

The Clerk of Court is further respectfully directed to docket Plaintiff's amended complaint—which is currently on the docket at ECF No. 25-1—as a standalone document, labeled as the Amended Complaint in this matter.

## II. U.S. Marshals Service to Effectuate Service on Defendants Castillo and Saline

Because Plaintiff has been granted permission to proceed *in forma pauperis*, ECF No. 7, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013). To allow Plaintiff to effect service on Defendants Castillo and Saline through the U.S. Marshals Service, the Clerk of Court is instructed to fill out

a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for both of these defendants. Defendant Castillo may receive service at the following address:

Edwin Castillo
Yonkers Police Department
104 South Broadway
Yonkers, New York 10701

Defendant Saline may receive service at the following address:

Anthony Saline
Yonkers Police Department
104 South Broadway
Yonkers, New York 10701

The Clerk of Court is instructed to issue summonses for Defendants Castillo and Saline, complete the USM-285 form with the addresses for Defendants Castillo and Saline, and deliver to the U.S. Marshals Service all the paperwork necessary for the U.S. Marshals Service to effect service upon Defendants Castillo and Saline. If the amended complaint is not served within 90 days after the date the summonses are issued, it is Plaintiff's responsibility—even though he is proceeding *pro se*—to request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).

## III. Attorney Siegel to Inform the Court as to the Status of His Representation of Defendants Castillo and Saline

Lowell R. Siegel is currently representing the City of Yonkers and Defendant McCormack in this action. *See* ECF No. 16. If at some point Mr. Seigel is authorized to represent Defendant Castillo and/or Defendant Saline, he must promptly file an additional notice of appearance on the docket. If that happens and there is no document on the docket confirming that Defendant Castillo and/or Defendant Saline have been served, Mr. Seigel is hereby directed to submit a letter to the Court confirming that the amended complaint has been served on either or both of those defendants.

## IV. Defendants McCormack and City of Yonkers to Respond to the Amended Complaint

By Thursday, September 3, 2026, Defendants Sean McCormack and City of Yonkers must answer or otherwise respond to the amended complaint.

The deadline for Defendant Castillo and Defendant Saline to answer or otherwise respond to the amended complaint will depend on when they are served.

* * * * * * * * * * *

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff.

Dated: August 14, 2026
White Plains, New York

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge